UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Miguel Mendez,

                Plaintiff,        Case No. 15-cv-12301

v.                                        Judith E. Levy
                                            United States District Judge

FedEx Express and AETNA,
                                            Mag. Judge Anthony P. Patti

                Defendants.

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR BACK BENEFITS, INTEREST, COSTS, AND ATTORNEY FEES [29]**

The Court previously granted plaintiff's motion for summary judgment, finding that defendants Federal Express Corporation and Aetna Life Insurance Company denied his claim for long-term disability benefits in violation of The Employee Retirement Income Security Act of 1974. (Dkt. 28.) At issue here is plaintiff's motion for back benefits, interest, costs, and attorney fees, pursuant to the Court's order. (Dkt. 29.) For the reasons set forth below, plaintiff's motion is granted in part and denied in part.

Defendants do not oppose plaintiff's request for back benefits in the amount of $12,479.38, nor do they oppose his request for reinstatement of his long-term disability benefits. (Dkt. 29 at 4.) Thus, the Court awards plaintiff $12,479.38 in back benefits and orders defendants to reinstate plaintiff's long-term disability benefits.

Defendants also do not oppose plaintiff's request for pre-judgment interest in the amount of $40.35, as calculated by plaintiff based on the 52-week Treasury 1 year constant maturity yield rate for each month, compounded annually. (*See* Dkt. 29 at 4-5; Dkt. 29-3.) Thus, the Court awards plaintiff pre-judgment interest in the amount of $40.35.

Plaintiff also requests $699.60 in total costs (Dkt. 29 at 2; Dkt. 29-4), but defendants argue that plaintiff is entitled to taxable costs of only $400 for his e-filing fee, and not $114 for West Law research, $171.70 in copying costs, and $13.90 in postage. (Dkt. 33 at 2-3.) According to defendants, "routine copy expenses; those made for service; filing or for the convenience of counsel are not taxable within the discretion of the taxation clerk," and "computerized legal research charges and postage fees are not taxable." (*Id.*)

The Court has broad discretion to award costs to prevailing parties in ERISA actions. *See* 29 U.S.C. § 1132(g)(1) (providing that the Court "in its discretion may allow a reasonable attorney's fee and costs of action to either party"). And even nontaxable costs may be considered part of an attorney fee award under the statute, "as long as those costs are reasonable . . . [and] normally charged to a fee-paying client in the course of providing legal services." *See Potter v. Blue Cross Blue Shield of Mich.*, 10 F. Supp. 3d 737, 771 (E.D. Mich. 2014) (collecting cases).

Costs for legal research have been permitted as part of a reasonable attorney fee award. *Id.* (citing *Gratz v. Bollinger*, 353 F. Supp. 2d 929, 945 (E.D. Mich. 2005) (awarding but reducing total research cost as "exorbitant"); *Ousley v. GM Ret. Program*, 496 F. Supp. 2d 845, 852 (S.D. Ohio 2006) (awarding legal research costs)). So too have copying and postage costs. *Id.* (collecting cases). Here, plaintiff seeks modest nontaxable costs of only $114 for research, $171.70 for copying, and $13.90 for postage. And those are the costs that are regularly charged to fee-paying clients in the normal course. *See id.* Thus, the Court awards plaintiff the total request of $699.60 in costs,

3

$400 of which are taxable and $299.60 of which are part of the attorney fee award.

Finally, plaintiff seeks $58,185 in attorney fees, for 129.3 hours of work at a rate of $450 per hour. (*See* Dkt. 29-5 at 7.) Defendants do not dispute that plaintiff's counsel is entitled to an award. Rather, defendants argue that the requested amount is excessive for a number of reasons. According to defendants, the $450-per-hour rate is excessively high (they argue that plaintiff's rate should only be $250 per hour); a number of plaintiff's billing entries are excessive, unsupported, or vague; and there should otherwise be an across-the-board reduction of 25% because of voluminous block billing with vague descriptions. (Dkt. 33 at 3-9.)

"The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004) (quoting *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)). The "lodestar" method—multiplying a reasonable hourly rate by the proven number of hours reasonably expended on the case by counsel—is the "proper

4

method for determining the amount of reasonable attorney's fees." *Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995) (citing *Pa. v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563 (1986)). First, the lodestar must be calculated for each attorney involved. *See Del. Valley Citizens' Council for Clean Air*, 478 U.S. at 563. Second, the Court may, "within limits, adjust the 'lodestar' to reflect relevant considerations peculiar to the subject litigation." *See Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (citing *Reed*, 179 F.3d at 471-72).

A reasonable hourly rate is generally calculated according to the "prevailing market rates in the relevant community." *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "relevant community" here is the Eastern District of Michigan. *See Adcock-Ladd*, 227 F.3d at 350 (relevant community is the legal community within the court's territorial jurisdiction). And the "'prevailing market rate' is that rate which lawyers of comparable skill and experience can expect to command" in the relevant community. *See id.* "The appropriate rate . . . is not necessarily the exact value sought by a particular firm, but is rather the market rate in the venue sufficient to encourage competent

5

representation." *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 618 (6th Cir. 2007).

Plaintiff argues that Craig Nemier and Michelle Mathieu, plaintiff's counsel, are entitled to $450-per-hour because they are "AV rat[ed]" attorneys with 40 and 34 years' experience, respectively, and should be awarded rates in the 95th percentile of attorneys with more than 35 years' experience, with an office location in south Oakland County, and with a practice of civil litigation. (*See* Dkt. 29 at 11-12.)

According to the most recent survey from the State Bar of Michigan, attorneys with over 35 years' experience charged rates of $350 at the 75th percentile and $525 at the 95th. *See* State Bar of Michigan, Economics of Law Practice 6 (2014), http://www.michbar.org/file/pmrc/articles/0000151.pdf. Attorneys who practice in Oakland County south of M-59 charged hourly rates of $325 at the 75th percentile and $495 at the 95th. *See id.* at 7. Attorneys in a firm the size of 7 to 10 attorneys, the approximate size of plaintiff's counsels' firm, charged hourly rates of $325 at the 75th percentile and $455 at the 95th. *See id.* And attorneys who practice plaintiffs'-side

6

employment law charged hourly rates of $330 at the 75th percentile and $450 at the 95th.

Mr. Nemier and Ms. Mathieu are experienced and well-qualified attorneys. The most relevant rate here is that of attorneys in the 75th percentile of the categories set forth above, because plaintiff's counsel bill for legal work that could not likely command the requested $450-per-hour from fee-paying clients. For example, plaintiff's counsel bill for work such as "prepare proposed [stipulated] order," "legal research case citations of [summary judgment] brief," and "legal research re recoverable atty fees in ERISA" (see Dkt. 29-5), which is often the type of work that is assigned to associates or legal assistants and charged at much lower rates. The Court will thus award a rate of $375-per-hour for the work performed by both counsel. That rate is around or above the 75th percentile for attorneys who have similar experience, practice in this field, and practice in south Oakland County in a firm the size of plaintiff's counsels' firm.

As to the number of hours, plaintiff seeks fees for 129.3 hours of work performed by his counsel. The time billed for administrative or otherwise non-compensable tasks is discounted. This Court will not

award attorney fees for administrative or non-legal tasks. *See, e.g.*, *Potter*, 10 F. Supp. 3d at 750 (reducing fees for "clerical tasks" such as "file organization," "proofread[ing] correspondence and filing," "[r]etriev[ing] documents from Wayne Library," and "[c]ontinu[ing] and complet[ing] file organization"); *Caudill v. Sears Transition Pay Plan*, No. 06-cv-12866, 2011 U.S. Dist. LEXIS 45294, at *44-45 (E.D. Mich. Apr. 26, 2011) (reducing hours for entries such as "organized file," "re-sorting questionnaires," "filing," "binders," and "organize meeting"); *Gratz v. Bollinger*, 353 F. Supp. 2d 929, 941 (E.D. Mich. 2005) (no fees for "media and public relations efforts"). Plaintiff's counsels' hours are thus reduced by 6.7 hours for a total of 122.6 hours.[1]

Finally, the Court further reduces the award because it finds that the fees requested for hours spent in preparation for recovery of

---

[1] The Court discounts the following hours billed: 0.3 for "preparation of summons for Fed Ex"; 0.3 for "preparation of summons for Aetna"; 1.0 for "creation of federal e-file for filing federal complaint"; 0.1 for "review of confirmation of receipt of filing fee of $400"; 0.2 for "review of notice from Court of magistrate option"; 0.3 for "review of appearance of defense attorney for defendants"; 0.5 for "review of defendants appearance and note in file attys and addresses"; 0.3 for "review of FedEx financial disclosure"; 0.2 of the 0.3 for "review of notice to appear for case management status conf 9/25/15 and joint discovery plan due 4 days prior to conf 9/21/15"; 0.1 of the 0.2 for "email to atty to try and reschedule scheduling conf"; 0.1 of the 0.2 for review of scheduling order for discovery"; 2.9 of the 4.9 for "locate some of the exhibits in the administrative record with page numbers"; 0.2 for "electronically file brief"; and 0.2 for "e-filing motion and exhibits." (Dkt. 29-5 at 2-7.)

attorney fees and costs was excessive. Of the 129.3 hours in total sought by plaintiff's counsel, 16.2 hours were spent on preparation of the attorney fee petition alone.[2] Put differently, about 12.5% of the total hours spent on this case were expended on preparation of the attorney fee request.

There is no bright-line rule capping the number of hours that can be spent on "fees for fee awards." *See Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 725 (6th Cir. 2016) (abrogating *Coulter v. Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986)). Rather, the Court must determine the number of "reasonable attorneys' fees for the hours expended . . . in seeking the[] fee award." *Id.* The Court finds that a reducing the 16.2 hour fees for fee request by 25% is reasonable, in part because many of these entries are duplicative, and thus reduces the

---

[2] Plaintiff requests 3.7 for "legal research re recoverable atty fees in ERISA – proofs required, reasonable rates, lodestar factors"; 0.6 for "receipt/review of ED Mich bill of costs handbook and review local rules on requirements for motions for costs and atty fees"; 0.3 for "review of bill of costs form"; 0.6 for "gathering data re taxable costs incurred"; 1.8 for "preparation of portion of brief for 4 part test for attorney fees"; 0.8 for "legal research economics of law re atty fees rate and court rule re time calculation and power of court on extension"; 2.5 for "preparation of more arguments for brief for costs and fees"; 0.3 for "preparation of bill of costs"; 1.0 for "revision of/adjustments to motion for benefits, costs and attorney fees"; 1.8 for "revision of brief with more case law in support of 5 factors"; 1.9 for "revision of /additions to motion/brief re interest and supporting authority on costs interest and attorney fees"; 0.4 for "preparation of affidavit of CLN re costs/fees"; and 0.5 for "finalize motion and brief re costs, interest and fees." (Dkt. 29-5 at 6-7.)

hours by an additional 4.05 hours, for a total of 118.55 hours. At the awarded rate of $375-per-hour, plaintiff is awarded a total of $44,456.25 in attorney fees.

Accordingly, plaintiff's motion for back benefits, interest, costs, and attorney fees (Dkt. 29) is GRANTED IN PART and DENIED IN PART. Plaintiff is awarded $12,479.38 in back benefits, $40.35 in pre-judgment interest, $400 in taxable costs, $299.60 in nontaxable costs as part of the attorney fee award, and $44,456.25 in attorney fees. Moreover, defendants shall reinstate plaintiff's long-term disability benefits.

IT IS SO ORDERED.

Dated: January 17, 2017       s/Judith E. Levy
Ann Arbor, Michigan       JUDITH E. LEVY
     United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 17, 2017.

     s/Felicia M. Moses
     FELICIA M. MOSES
     Case Manager